DEBRA F. BOGAARDS (State Bar No. 107804)
PAVE & BOGAARDS
601 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone: (415) 979-0480
Facsimile: (415) 979-0482

Attorneys for Plaintiff
Les Cain

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES CAIN, an individual, | Case No. 2267 |
| Plaintiff, | |
| v. | COMPLAINT |
| | DEMAND FOR JURY TRIAL |
| ALLSTATE LIFE INSURANCE COMPANY, an Illinois corporation, | [Breach of Contract – Insurance] |
| Defendant. | |

Plaintiff Les Cain alleges as follows.

////
////
////
////
////

## JURISDICTION

1. This is an action for life insurance benefits and related relief. The amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has subject matter jurisdiction of this action under 28 U.S.C. Section 1332(a)(1) (jurisdiction based on diversity of citizenship).

2. Plaintiff is a citizen of the State of California.

3. Plaintiff is informed and believes, and on the basis alleges, that defendant Aetna Life Insurance Company ("Aetna") is a citizen of the State of Illinois, within the meaning of 28 U.S.C. § 1332.

## INTRADISTRICT ASSIGNMENT

4. A substantial part of the events or omissions which give rise to plaintiff's claims occurred in the County of Contra Costa, State of California.

## FIRST CLAIM FOR RELIEF
### [Breach of Contract]

5. Plaintiff Les Cain is, and at all relevant times was, a covered beneficiary under a life insurance policy (hereafter, the "Policy") issued by defendant Aetna to Mr. Cain's daughter.

6. Plaintiff tendered a claim for benefits under the Policy following his daughter's death.

7. Plaintiff has fulfilled every condition and has duly performed each and every obligation he was required to perform under the terms of the Policy, and is and at all relevant times has been entitled to payment of benefits under the terms and conditions of the Policy.

8. Defendant Aetna has breached its their obligations to plaintiff under the Policy, including but not limited to the obligation to pay in full the benefits due under the Policy, by unreasonably and by wrongfully failing to conduct a proper investigation and review prior to denying payment of those benefits.

9. As a direct and proximate result of defendant's conduct as alleged herein, plaintiff has suffered and will continue to suffer monetary and non-monetary damages, in an amount to be determined at trial, but which exceed $75,000, including but not limited to loss of insurance benefits, emotional distress, and attorneys' fees, and expenses.

WHEREFORE, plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
[For Breach of Covenant of Good Faith and Fair Dealing]

10. Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 9.

11. Defendant's denial of plaintiff's claim for insurance benefits was unreasonable and without proper foundation, and was oppressive, fraudulent and malicious toward plaintiff.

12. As a direct and proximate result of defendant's conduct as alleged herein, plaintiff has suffered and will continue to suffer monetary and non-monetary damages, in an amount to be determined at trial, but which exceed $75,000, including but not limited to loss of insurance benefits, emotional distress, and attorneys' fees and expenses.

WHEREFORE, plaintiff prays for judgment as follows:

1. For compensatory damages;
2. For exemplary damages;
3. For prejudgment interest;
3. For attorneys' fees, costs and expenses; and
4. For such other and further relief as the Court deems just and proper.

Dated: May __1__, 2008

DEBRA F. BOGARDS
PAVE & BOGAARDS

by _____
Debra F. Bogaards
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all the issues so triable.

Dated: May __1__, 2008

DEBRA F. BOGARDS
PAVE & BOGAARDS

by _____
Debra F. Bogaards
Attorneys for Plaintiff