```
SEYFARTH SHAW LLP
Peter E. Romo, Jr. (SBN 38925) promo@seyfarth.com
Aaron Belzer (SBN 238901) abelzer@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
ALLSTATE LIFE INSURANCE COMPANY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES CAIN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE LIFE INSURANCE COMPANY,<br>an Illinois corporation,<br><br>    Defendant. | Case No. C-08-02267 WHA<br><br>**DEFENDANT ALLSTATE LIFE INSURANCE COMPANY'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE INITIAL CASE MANAGEMENT CONFERENCE AND EXTENDING RELATED RULE 26 DEADLINES** |

    Defendant ALLSTATE LIFE INSURANCE COMPANY ("Allstate") hereby submits the following Memorandum of Points and Authorities in Support of its *Ex Parte* Application to Continue Initial Case Management Conference and Scheduling Deadlines pursuant to Civil Local Rules 7-10, 16-2(d)("Relief from Case Management Schedule") and the Clerk's Notice Scheduling Initial Case Management Conference on Reassignment, dated May 9, 2008. (Belzer Decl. ¶ 3, Ex. A).

**I.  RELIEF SOUGHT**

    By this Application, Allstate respectfully requests this Court continue the Initial Case Management Conference, currently set for August 7, 2008, to September 30, 2008, or as soon

---

thereafter as the Court's schedule permits, and extend the applicable deadlines to meet and confer, file conference statements, complete initial disclosures and file Rule 26(f) reports, as follows:

(1) <u>September 16, 2008</u>: Last day to meet and confer regarding initial disclosures, file joint ADR certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference;

(2) <u>September 23, 2008</u>: Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statements.

Alternatively, Allstate requests that the Court set the above case management dates pursuant to the time requirements set forth in Fed. R. Civ. P. 26 to correspond to a September 30, 2008 Initial Case Management Conference. Plaintiff has indicated a willingness to continue the Initial Case Management Conference, but nonetheless has refused to stipulate to an extension of time for all other applicable deadlines. (Declaration of Aaron Belzer ("Belzer Decl.") ¶ 11).

## II.    CIRCUMSTANCES SUPPORTING REQUEST

On May 1, 2008, Plaintiff Les Cain ("Plaintiff") filed the present Complaint. (Belzer Decl. ¶ 4, Ex. B). At the time Plaintiff filed the Complaint, the Court issued its Order Setting Initial Case Management Conference and ADR Deadlines.[1] Under the Order, the Initial Case Management Conference was scheduled for August 7, 2008, the deadline for the parties to meet and confer regarding initial disclosures was July 17, 2008, and the deadline to complete initial disclosures and file Rule 26(f) reports was July 31, 2008. (Belzer Decl. ¶ 5, Ex. C). On June 30, 2008—almost two months after filing his Complaint—Plaintiff mailed the summons and Complaint to Allstate by certified mail with a notice of acknowledgment and receipt. (Belzer Decl ¶ 6, Ex. D). Allstate received the Summons and Complaint on July 8, 2008 and returned an executed copy of the Notice and Acknowledgment to Plaintiff's counsel on July 28, 2008. (*Id.*). Allstate retained Seyfarth Shaw LLP to handle the Complaint on July 17, 2008, and provided

---

[1] This case was initially assigned to Magistrate Judge Maria-Elena James. On May 2, 2008, however, Plaintiff filed a Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge. The case was subsequently reassigned to the Honorable William Alsup, but all deadlines in the initial case management scheduling order filed on May 1, 2008 remain in effect.

1  Seyfarth Shaw LLP with a copy of the Summons and Complaint on July 18, 2008—after
2  expiration of the deadline for the parties to meet and confer and file their Joint ADR
3  Certification. (Belzer Decl. ¶ 7).
4        Although the Complaint names Allstate in the caption, the actual allegations of the
5  Complaint apply only to <u>Aetna Life Insurance Company</u>; the Complaint contains absolutely no
6  factual allegations as to Allstate. (Belzer Decl. ¶ 4). Accordingly, on July 24, 2008, Aaron
7  Belzer, counsel for Allstate, initially tried to contact Debora Bogaards, Plaintiff's counsel,
8  regarding the Complaint. (Belzer Decl. ¶ 8). Mr. Belzer and Ms. Bogaards finally spoke on July
9  28, 2008, and Mr. Belzer notified her of several deficiencies in the Complaint, including
10 Plaintiff's failure to allege any facts against Allstate. (*Id.*). Given the obvious deficiencies in the
11 Complaint, Mr. Belzer suggested that Plaintiff unilaterally amend the Complaint and requested
12 that the parties stipulate to continue the Initial Case Management Conference, as well as the
13 applicable deadlines for filing conference statements, completing initial disclosures and filing
14 Rule 26(f) reports. (*Id.*).
15       Ms. Bogaards agreed to amend the Complaint, but did not agree to extend the applicable
16 deadlines for filing conference statements, completing initial disclosures and filing Rule 26(f)
17 reports. (Belzer Decl. ¶ 9). Rather, Ms. Bogaards requested that Mr. Belzer send her a letter
18 outlining all the deficiencies in the Complaint. (*Id.*). On July 29, 2008, therefore, Mr. Belzer
19 sent Ms. Bogaards a letter in which he identified the deficiencies in Plaintiff's Complaint and, in
20 light of the clear need to amend, proposed a timeline for filing conference statements, completing
21 initial disclosures and Rule 26(f) reports, and holding the Initial Case Management Conference.
22 (Belzer Decl. ¶ 10, Ex. E).
23       After the close of business on July 30, 2008, Ms. Bogaards left a voicemail message with
24 Mr. Belzer indicating that she wished to discuss the proposal. (Belzer Decl. ¶ 11). Accordingly,
25 Mr. Belzer attempted to contact opposing counsel on July 31, 2008, but Plaintiff's counsel was not
26 available. (*Id.*). However, that same day, Ms. Bogaards left Mr. Belzer another voicemail in
27 which she indicated a willingness to continue the Initial Case Management Conference, but
28 nonetheless refused to stipulate to an extension of time for all other applicable deadlines. (*Id.*).

Plaintiff has requested that counsel for Allstate accept service of the amended complaint, and on August 5, 2008, it agreed to do so. (Belzer Decl. ¶ 12). As of the filing of this Application, however, Allstate has not received a copy of the amended complaint. (*Id.*) Accordingly, Allstate brings the present *ex parte* Application.

## III. ARGUMENT

### A. Good Cause Exists To Grant *Ex Parte* Application And To Continue The Initial Case Management Conference And All Applicable Deadlines.

Good cause exists to grant Allstate's *ex parte* application for an Order continuing the Initial Case Management Conference and to extend the applicable deadlines to meet and confer regarding initial disclosures, file conference statements, complete initial disclosures and file Rule 26(f) reports.

First, *ex parte* relief is appropriate under the present circumstances because Plaintiff's unexplained delay in serving its summons and Complaint made it impossible for Allstate to bring a regularly noticed motion. Under Civil L. R. 7-2(a), all motions must be filed, served, and noticed in writing on the motion calendar of the assigned judge for hearing not less than 35 days after service of the motion. In the present case, although Plaintiff filed his Complaint on May 1, 2008, Plaintiff did not even attempt to serve it for over two months and Allstate did not receive a copy of the Summons and Complaint until July 8, 2008.

The Initial Case Management conference in this matter, however, is scheduled for August 7, 2008, and under the Court's scheduling order, the deadlines for the parties to meet and confer regarding initial disclosures, as well as the deadline to complete initial disclosures and file Rule 26(f) reports were set for July 17, 2008 and July 31, 2008 respectively. Accordingly, Allstate was never in a position to seek relief through a properly noticed motion, prior to the expiration of the relevant deadlines and the scheduled Initial Case Management Conference. In fact, Allstate retained Seyfarth Shaw LLP to handle the Complaint on July 17, 2008, and provided Seyfarth Shaw LLP with a copy of the Summons and Complaint on July 18, 2008—after expiration of the deadline for the parties to meet and confer and file their Joint ADR Certification. Nonetheless, Allstate has made reasonable efforts to meet and confer with Plaintiff to extend the relevant deadlines without the need for Court intervention. Plaintiff, however, has refused.

Second, Plaintiff's unwillingness to extend the applicable Rule 26 deadlines to meet and confer, filing conference statements and completing initial disclosures is unreasonable and highly prejudicial. Rule 26 requires, among other things, that a party, without awaiting a discovery request, must disclose the identity of witnesses, documents, electronically stored information, or other tangible things that the disclosing party "**may use to support its claims or defenses.**" *See* Fed. R. Civ. P. 26(a)(1)(A)(i) and (ii). Simply stated, the allegations of the complaint frame the scope of a party's initial disclosure requirements.

Under the circumstances, Allstate cannot reasonably comply with the disclosure requirements of Rule 26. The Complaint states no factual contentions and provides no evidentiary or other support to demonstrate the existence of any actual controversy relating to Allstate. Accordingly, Allstate is unable to determine the issues Plaintiff actually seeks to litigate and, therefore, Allstate should not have to guess what defenses may be relevant.[2] Moreover, Allstate will be substantially prejudiced if this motion is denied as it will be required to expend resources in relating to a claim that might otherwise lack genuine factual or evidentiary support, or might not even actually be raised once Plaintiff does file a complaint that actually states a claim against Allstate. Allstate has made reasonable efforts to meet and confer with plaintiff to extend the applicable deadlines.

Finally, no prejudice will come to Plaintiff by granting Allstate's *ex parte* application. Indeed, Plaintiff himself has not provided Allstate with any of its Rule 26 disclosures and Allstate anticipates that Plaintiff will amend his Complaint to try to assert factual allegations against Allstate. Continuing the Initial Case Management Conference and the relevant Rule 26 deadlines, therefore, will allow Plaintiff ample time to file and serve his amended complaint. Once that is done, **both** parties should have sufficient time to meaningfully participate in meet and confer efforts, and effectively comply with all other deadlines.

---

[2] Prior to filing the present lawsuit, Plaintiff made several claims and raised numerous issues with respect to Allstate. Allstate conclusively refuted these previously raised claims and invited Plaintiff to provided it with any documentary or factual basis to support his position. Plaintiff has not done so, and the existing Complaint states no factual contentions or evidentiary support to justify the existence of any actual controversy relating to Allstate with respect to these previously raised issues. Accordingly, Plaintiff cannot be heard to argue that Allstate is "aware of the issues"; Allstate cannot be required to assume what Plaintiff's claims against it will be.

...

Moreover, Judicial economy will also be served by continuing the Initial Case Management Conference and deadlines as presumably, at the new case management conference, the Court will have before it a complaint which actually tries to state a claim against Allstate and disclosure materials related to such claims; otherwise the Court and Allstate can only guess at what Plaintiff intends and wants to assert.

IV. **CONCLUSION**

Based on the reasons set forth above, Allstate respectfully requests the Court grant its *Ex Parte* Application to continue the Initial Case Management Conference, currently set for August 7, 2008, to September 30, 2008, or as soon thereafter as the Court's schedule permits, and extend the applicable deadlines to meet and confer, file conference statements, complete initial disclosures and file Rule 26(f) reports, as set forth above.

DATED: August 4, 2008                                    SEYFARTH SHAW LLP

By _____
Peter E. Romo, Jr.
Aaron Belzer

Attorneys for Defendant
ALLSTATE LIFE INSURANCE COMPANY

SF1 28331101.1