SEYFARTH SHAW LLP
Peter E. Romo, Jr. (SBN 38925) promo@seyfarth.com
Aaron Belzer (SBN 238901) abelzer@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
ALLSTATE LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES CAIN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE LIFE INSURANCE COMPANY, an Illinois corporation,<br><br>    Defendant. | Case No. C-08-02267 WHA<br><br>**DECLARATION OF AARON BELZER IN SUPPORT OF DEFENDANT ALLSTATE LIFE INSURANCE COMPANY'S** *EX PARTE* **APPLICATION FOR AN ORDER CONTINUING THE INITIAL CASE MANAGEMENT CONFERENCE AND EXTENDING RELATED RULE 26 DEADLINES** |

I, Aaron Belzer, declare as follows:

1. I am an attorney at law licensed to practice in the state of California and am an associate with Seyfarth Shaw LLP, counsel of record for Allstate Life Insurance Company in the above captioned matter.

2. This declaration is made in support of Allstate's *Ex Parte* Application for an Order Continuing the Initial Case Management Conference and Extending Related Rule 26 Deadlines. I make this declaration based on my personal knowledge, and if called to do so, I could and would testify competently to the facts stated herein.

3. Attached hereto as **Exhibit A** is a true and correct copy of the Clerk's Notice Scheduling Initial Case Management Conference on Reassignment, dated May 9, 2008.

Declaration of Aaron Belzer In Support of Allstate's *Ex Parte* Application to Continue CMC and Deadlines

4. On May 1, 2008, Plaintiff Les Cain ("Plaintiff") filed the present Complaint. Although the Complaint names Allstate in the caption, the actual allegations of the Complaint apply only to <u>Aetna Life Insurance Company</u>; the Complaint contains absolutely no factual allegations as to Allstate. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's Complaint.

5. At the time Plaintiff filed the Complaint, the Court issued its Order Setting Initial Case Management Conference and ADR Deadlines. Under the Order, the Initial Case Management Conference was scheduled for August 7, 2008, the deadline for the parties to meet and confer regarding initial disclosures was July 17, 2008, and the deadline to complete initial disclosures and file Rule 26(f) reports was July 31, 2008. Attached hereto as **Exhibit C** is a true and correct copy of the Court's Order.

6. On June 30, 2008, —almost two months after filing his Complaint—Plaintiff mailed the summons and Complaint to Allstate by certified mail with a notice of acknowledgment and receipt. Allstate received the Summons and Complaint on July 8, 2008 and returned an executed copy of the Notice and Acknowledgment to Plaintiff's counsel on July 28, 2008. Attached hereto as **Exhibit D** is a true and correct copy of the executed Notice of Acknowledgment and Receipt.

7. Allstate retained Seyfarth Shaw LLP to handle the Complaint on July 17, 2008, and provided Seyfarth Shaw LLP with a copy of the Summons and Complaint on July 18, 2008—after the deadline for the parties to meet and confer and file their Joint ADR Certification had expired.

8. On July 24, 2008, I tried to contact Debora Bogaards, Plaintiff's counsel, regarding the Complaint. I finally spoke to Ms. Bogaards on July 28, 2008, at which time I notified her of several deficiencies in the Complaint, including Plaintiff's failure to allege any facts against Allstate. Given the obvious deficiencies in the Complaint, I suggested that Plaintiff unilaterally amend the Complaint and requested that the parties stipulate to continue the Initial Case Management Conference, as well as the applicable deadlines for filing conference statements, completing initial disclosures and filing Rule 26(f) reports.

9. Ms. Bogaards agreed to amend the Complaint, but did not agree to extend the applicable deadlines for filing conference statements, completing initial disclosures and filing Rule 26(f) reports. (Rather, Ms. Bogaards requested that Mr. Belzer send her a letter outlining all the deficiencies in the Complaint.

10. On July 29, 2008, I sent Ms. Bogaards a letter in which I identified the deficiencies in Plaintiff's Complaint and, in light of the clear need to amend, proposed a timeline for filing conference statements, completing initial disclosures and Rule 26(f) reports, and holding the Initial Case Management Conference. Attached hereto as **Exhibit E** is a true and correct copy of the July 29, 2008 letter.

11. After the close of business on July 30, 2008, Ms. Bogaards left me a voicemail message indicating that she wished to discuss the proposal. Accordingly, I attempted to contact Ms. Bogaards on July 31, 2008, but she was not available. That same day, however, Ms. Bogaards left me another voicemail in which she indicated a willingness to continue the Initial Case Management Conference, but nonetheless refused to stipulate to an extension of time for all other applicable deadlines.

12. Plaintiff's Counsel has requested that I accept service of the amended complaint, and on August 5, 2008, I agreed to do so. As of the filing of this Application, however, I have not received a copy of the amended complaint.

13. On August 5, 2008, before filing this application, I called Plaintiff's counsel and notified her that Allstate was filing the instant *ex parte* application to continue the Initial Case Management Conference and Rule 26 deadlines.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed in San Francisco, California on August 5, 2008.

Aaron Belzer

SF1 28331112.1

3

Declaration of Aaron Belzer In Support of Allstate's *Ex Parte* Application to Continue CMC and Deadlines

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LES CAIN,

    Plaintiff,

v.

ALLSTATE LIFE INS. CO.,

    Defendant.

No. C 08-02267 WHA

**CLERK'S NOTICE SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE ON REASSIGNMENT**

(Plaintiff shall serve a copy of this notice on any party in the above-entitled action not appearing on the Notice of Electronic Filing or Other Case Activity and/or the attached Certificate of Service)

YOU ARE NOTIFIED THAT the Court has scheduled an Initial Case Management Conference for **August 7, 2008 at 11:00 a.m.**, before the Honorable William Alsup. Please report to Courtroom 9, on the 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. Not less than seven days prior, counsel shall submit a joint case management conference statement not to exceed ten pages. All other deadlines in the initial case management scheduling order filed on May 1, 2008 remain in effect.

Parties requesting a continuance shall submit a stipulation and proposed order. If the parties are unable to reach a stipulation, the requesting party shall submit an ex parte application with a proposed order.

Dated: May 9, 2008

FOR THE COURT,

Richard W. Wieking, Clerk

By: _____
Dawn K. Toland
Courtroom Deputy to the
Honorable William Alsup

1  DEBRA F. BOGAARDS (State Bar No. 107804)
   PAVE & BOGAARDS
2  601 Montgomery Street, Suite 1210
3  San Francisco, California 94111
   Telephone: (415) 979-0480
4  Facsimile:  (415) 979-0482

5  Attorneys for Plaintiff
6  Les Cain

7

8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12 LES CAIN, an individual,           )
                                      ) Case No.
13      Plaintiff,                    )
                                      ) COMPLAINT
14 v.                                 )
                                      ) DEMAND FOR JURY TRIAL
15                                    )
                                      )
16 ALLSTATE LIFE INSURANCE COMPANY,)   [Breach of Contract – Insurance]
   an Illinois corporation,           )
17                                    )
18      Defendant.                    )
                                      )
19                                    )
                                      )
20                                    )
                                      )
21 _____)

22
        Plaintiff Les Cain alleges as follows.
23
24 ////
25 ////
26 ////
27 ////
28 ////

## JURISDICTION

1. This is an action for life insurance benefits and related relief. The amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has subject matter jurisdiction of this action under 28 U.S.C. Section 1332(a)(1) (jurisdiction based on diversity of citizenship).

2. Plaintiff is a citizen of the State of California.

3. Plaintiff is informed and believes, and on the basis alleges, that defendant Aetna Life Insurance Company ("Aetna") is a citizen of the State of Illinois, within the meaning of 28 U.S.C. § 1332.

## INTRADISTRICT ASSIGNMENT

4. A substantial part of the events or omissions which give rise to plaintiff's claims occurred in the County of Contra Costa, State of California.

## FIRST CLAIM FOR RELIEF
### [Breach of Contract]

5. Plaintiff Les Cain is, and at all relevant times was, a covered beneficiary under a life insurance policy (hereafter, the "Policy") issued by defendant Aetna to Mr. Cain's daughter.

6. Plaintiff tendered a claim for benefits under the Policy following his daughter's death.

7. Plaintiff has fulfilled every condition and has duly performed each and every obligation he was required to perform under the terms of the Policy, and is and at all relevant times has been entitled to payment of benefits under the terms and conditions of the Policy.

8. Defendant Aetna has breached its their obligations to plaintiff under the Policy, including but not limited to the obligation to pay in full the benefits due under the Policy, by unreasonably and by wrongfully failing to conduct a proper investigation and review prior to denying payment of those benefits.

9. As a direct and proximate result of defendant's conduct as alleged herein, plaintiff has suffered and will continue to suffer monetary and non-monetary damages, in an amount to be determined at trial, but which exceed $75,000, including but not limited to loss of insurance benefits, emotional distress, and attorneys' fees, and expenses.

WHEREFORE, plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
[For Breach of Covenant of Good Faith and Fair Dealing]

10. Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 9.

11. Defendant's denial of plaintiff's claim for insurance benefits was unreasonable and without proper foundation, and was oppressive, fraudulent and malicious toward plaintiff.

12. As a direct and proximate result of defendant's conduct as alleged herein, plaintiff has suffered and will continue to suffer monetary and non-monetary damages, in an amount to be determined at trial, but which exceed $75,000, including but not limited to loss of insurance benefits, emotional distress, and attorneys' fees and expenses.

WHEREFORE, plaintiff prays for judgment as follows:

1. For compensatory damages;
2. For exemplary damages;
3. For prejudgment interest;
3. For attorneys' fees, costs and expenses; and
4. For such other and further relief as the Court deems just and proper.

Dated: May  1 , 2008

DEBRA F. BOGARDS
PAVE & BOGAARDS

by _____
Debra F. Bogaards
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all the issues so triable.

Dated: May  1 , 2008

DEBRA F. BOGARDS
PAVE & BOGAARDS

by _____
Debra F. Bogaards
Attorneys for Plaintiff

PROOF OF SERVICE

Civil No: CV 08 2267 *Cain v. Allstate Insurance Company*

I certify that I am authorized to serve the following documents in the within action pursuant to F.R.Civ.P. 4 (c):

1. Civil Cover Sheet (*2 pages*)
2. Summons and Complaint (*5 pages*)
3. Certification of Interested Entities or Persons (*2 pages*)
4. Order Setting Initial Case Management Conference and ADR Deadlines (*9 pages*)
5. Notice of Assignment of Case to a United States Magistrate Judge for Trial (*3 pages*)
6. Declination to Proceed Before a Judge and Request for Reassignment to a United States District Judge (*3 pages*)
7. Local Rules (*2 pages*)
8. ECF Registration Information Handout (*3 pages*)
9. Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup (*10 pages*)
10. Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (*1 page*)
11. Notice of Impending Reassignment to a United States District Court Judge (*1 page*)
12. Clerk's Notice Scheduling Initial Case Management Conference on Reassignment (*1 page*)
14. Notice and Acknowledgment of Receipt of Summons and Complaint (*2 pages*)

and that I served the following documents as follows:

1. Name and title of person served: **Thomas J. Wilson**
2. Person with whom left: **President and CEO of Allstate Insurance Company**
   **2775 Sanders Road, Northbrook, Illinois 60062**
3. Date and Time of Delivery:
4. Mailing date; class of mail: **June 30, 2008; certified first class mail**
   Place of mailing: **San Francisco, CA**
5. Address, City and State: **601 Montgomery Street Suite 1210, San Francisco, CA**
   ( ) Home      (X) Business
6. Manner of Service:

PERSONAL SERVICE

[ ] PERSONAL SERVICE, by handing copies to the person served [F.R.Civ.P. 4(d) ].

[ ] UPON A STATE OF MUNICIPAL CORPORATION OR OTHER GOVERNMENTAL ORGANIZATION THEREOF SUBJECT TO SUIT, C.C.P. 415.30 (a); F.R.Civ.P. 4(d) (6), by delivering a copy of summons and complaint in a manner prescribed by law of that state for the

service of summons or other like process upon any such defendant.

## SERVICE ON U.S. DEFENDANTS

[ X ] UPON THE UNITED STATE OR AN OFFICER OR AGENCY OF THE UNITED STATES, by serving in a manner as prescribed by Rule 4(d) (4) and (5), F.R.Civ.P.

## SERVICE BY MAIL (Non U.S. Defendants)

[ ] MAIL AND ACKNOWLEDGMENT SERVICE, C.C.P. 415.30: F.R.Civ.P. 4(d) (ii). By mailing (by first-class mail or airmail) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (ATTACH WRITTEN ACKNOWLEDGMENT OF RECEIPT AND SUMMONS AND COMPLAINT.)
Note: The service by mail provision *does not apply* to service upon the United States or an officer or agency of the United States, but applies only to service upon a defendant of any class referred to in Rules 4 (d) (1) and (3) F.R.Civ.P.

## SUBSTITUTED SERVICE

[ ] UPON AND INDIVIDUAL THAN AN INFANT OR AN INCOMPETENT PERSON, by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at this dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to received service of process; or in a manner consistent with C.C.P. 415.20 (b). F.R.Civ.P. 4(d) (1). (Attach separate declaration showing attempted personal service.)

[ ] UPON AN INFANT OR INCOMPETENT PERSON, C.C.P. 415.20 (b); F.R.Civ.P. 4(d) (2), by leaving copies at the dwelling hose, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

[ ] UPON A DOMESTIC OR FOREIGN CORPORATION OR UPON A PARTNERSHIP OR OTHER INCORPORATED ASSOCIATION WHICH IS SUBJECT TO SUIT UNDER A COMMON NAME, by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service and the statute so requires, by also mailing a copy to the defendant; or in a manner consistent with C.C.P. 415.20(a); F.R.Civ.P. 4(d) (3).

[ ] OTHER F.R.Civ.P. 4(e). Attach separate pages if necessary.

I declare under penalty of perjury that the foregoing document is true and correct.

Executed at San Francisco, California, this June day of 30, 2008.

Jessica E. Chong

Fee for service $ _____, Mileage $ _____, Total $ _____.

ACKNOWLEDGMENT OF SERVICE

I, _____, received a true copy of the within document on _____, 2008.

_____
**SIGNATURE**

For_____
　　　　　Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LES CAIN,

Plaintiff(s),

v.

ALLSTATE LIFE INS. CO.,
Defendant(s).

No. C 08-02267 MEJ

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable Maria-Elena James. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 5/1/2008 | Complaint filed | |
| 7/17/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 7/31/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R. 16-9 |
| 8/7/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm. B, 15th Floor, SF at 10:00 AM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.



560 Mission Street, Suite 3100

San Francisco, California 94105

(415) 397-2823

fax (415) 397-8549

www.seyfarth.com

Writer's direct phone
(415) 544-1020

Writer's e-mail
abelzer@seyfarth.com

July 28, 2008

**VIA U.S. MAIL**

Debra F. Bogaards
PAVE & BOGAARDS
601 Montgomery Street, Suite 1210
San Francisco, CA 94111-2616

   *Re:*  *Cain v. Allstate Life Insurance Company*
     *USDC Northern District - Case No.: CV-08-2267*

Dear Ms. Bogaards:

  Enclosed please find the Notice and Acknowledgment of Receipt of Summons and Complaint, signed by Allstate Life Insurance Company.

  If you have any questions, please do not hesitate to call us.

         Sincerely,

         SEYFARTH SHAW LLP

         Aaron Belzer

AB:kar
Enclosure

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

SF1 28330347.1

1  DEBRA F. BOGAARDS
   PAVE & BOGAARDS
2  A Limited Liability Partnership
   601 Montgomery Street, Suite 1210
3  San Francisco, California 94111-2616
   Telephone: (415) 979-0480
4  Facsimile: (415) 979-0482

5  Attorneys for Plaintiff
   **LES CAIN**

Corporate Litigation

JUL 0 8 2008

Received

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

11 LES CAIN, and individual,            )   CASE NO.   CV-08-2267
                                        )
12     Plaintiff,                       )
                                        )   **NOTICE AND
13 v.                                   )   ACKNOWLEDGMENT OF
                                        )   RECEIPT OF SUMMONS AND
14                                      )   COMPLAINT (OFFICIAL FORM
   ALLSTATE LIFE INSURANCE              )   18-A)**
15 COMPANY, an Illinois corporation,    )
                                        )
16     Defendant.                       )   Action Filed:  May 1, 2008
                                        )   Trial Date:    None
17 _____ )

19
       TO: THOMAS J. WILSON 2775 SANDERS ROAD NORTHBROOK, ILLINOIS 60062
20
       The enclosed summons and complaint are served pursuant to Rule 4 (c) (2) (C) (ii) of the
21
   Federal Rules of Civil Procedure.
22
       You must complete the acknowledgment part of this form and return one copy of the
23
   completed form to the sender within 20 days.
24
       You must sign and date the acknowledgment. If you are served on behalf of a corporation,
25
   unicorporated association (including a partnership), or other entity, you must indicated under your
26
   signature your relationship to that entity. If you are served on behalf of another person and you are
27

28
   ----
   NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT (OFFICIAL FORM 18-
   A)                                          -1-

1 authorized to receive process, you must indicate under your signature your authority.

2     If you do not complete and return the form to the sender within 20 days you (or the party on
3 whose behalf you are being served) may be required to pay any expenses incurred in serving a
4 summons and complaint in any other manner permitted by law.

5     If you do complete and return this form, you (or the party on whose behalf you are being
6 served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be
7 taken against you for the relief demanded in the complaint.

8     I declare under penalty of perjury that this Notice and Acknowledgment of Receipt of
9 Summons and Complaint will have been mailed on June 30, 2008.

10

11                              PAVE & BOGAARDS

12

13                       By: _____
14                          DEBRA F. BOGAARDS
                            Attorney for Plaintiff
15                             **LES CAIN**

16

17

18                     ACKNOWLEDGMENT OF RECEIPT OF
                        SUMMONS AND COMPLAINT
19
    I declare under penalty of perjury that I received a copy of the summons and complaint in the
20 above-captioned matter at 2775 Sanders Road, Northbrook, IL 60062.

21

22

23 Date: 7-21-08                  By: Gene Sanford
                             ~~THOMAS J. WILSON~~
24                            ~~President and CEO of Allstate Insurance Company~~

25                            Gene Sanford
                           Staff Claim Representative
26                            Allstate Life Insurance Comp

27

28

---
NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT (OFFICIAL FORM 18-A)
-2-

# SEYFARTH
## ATTORNEYS SHAW LLP

560 Mission Street, Suite 3100
San Francisco, California 94105
(415) 397-2823
fax (415) 397-8549
www.seyfarth.com

Writer's direct phone
(415) 544-1020

Writer's e-mail
abelzer@seyfarth.com

July 29, 2008

**VIA FACSIMILE AND U.S. MAIL**

Debra F. Bogaards, Esq.
Pave & Bogaards
601 Montgomery Street, Suite 1210
San Francisco, California 94111

      *Re:*    *Les Cain v. Allstate Life Insurance Company*
              *U.S. District Court; Northern District of California; Case No. C-08-02267-WHA*

Dear Ms. Bogaards:

      Pursuant to our telephone conversation yesterday afternoon, I write regarding the deficiencies in your Complaint, and the need for a stipulation extending the applicable deadlines for filing Case Management Conference statements, completing initial disclosures and Rule 26(f) reports, and holding the case management conference as a result of the clear need to amend.

      First, as I pointed out during our conversation, the Complaint is clearly deficient: It names Allstate Life Insurance Company ("Allstate") in the caption but the actual allegations of the Complaint apply only to Aetna; it contains absolutely no factual allegations as to Allstate. Therefore, absent an amendment, the Complaint is clearly subject to a motion to dismiss.

      Second, I have reviewed the file in this matter, and note that you have raised numerous issues upon which you presumably based your claims relating to Mr. Cain ("Plaintiff"). It is obvious that our correspondence has conclusively refuted all previously raised claims relating to Mr. Cain. Indeed, you never provided any documentary or factual basis to counter Allstate's positions and, of course, the existing Complaint states no factual contentions or evidentiary support to justify the existence of any actual controversy relating to Allstate. Accordingly, unless you can state in the Complaint some new and different claim, Allstate has no need to respond to anything and is unable to determine the issues Plaintiff seeks to litigate.

      Thus, since you indisputably need to amend, I suggest that the parties stipulate to an extension of the applicable deadlines for filing conference statements, completing initial disclosures and Rule 26(f) reports, and holding the case management conference. I propose the following timeline:

BRUSSELS | WASHINGTON, D.C. | SAN FRANCISCO | SACRAMENTO | NEW YORK | LOS ANGELES | HOUSTON | CHICAGO | BOSTON | ATLANTA



Debra F. Bogaards
July 28, 2008
Page 2

1.)    August 6, 2008: Last day for Plaintiff to file its First Amended Complaint.

2.)    September 16, 2008: Last day to file Rule 26(f) Report, complete initial disclosures, or state objection in Rule 26(f) Report and file Case Management Statement.

3.)    September 30, 2008: Initial Case Management Conference (if the Court's schedule permits).

Please call me if you wish to discuss the matter further. Alternatively, please let me know by the close of business on Wednesday, July 30, 2008 whether or not you are willing to stipulate to an extension so that we may seek adequate and timely relief from the Court if necessary.

Sincerely,

SEYFARTH SHAW LLP

Aaron Belzer

AB:kar
cc:    Peter E. Romo, Jr.

SF1 28330395.1

## Confirmation Report – Memory Send

```
                              Page        : 001
                              Date & Time : Jul-29-2008  02:28pm
                              Line 1      : 14153978549
                              Line 2      :
                              Machine ID  : SEYFARTH
```

| | |
|---|---|
| Job number | : 987 |
| Date | : Jul-29  02:27pm |
| To | : ☏99790482 |
| Number of pages | : 003 |
| Start time | : Jul-29  02:27pm |
| End time | : Jul-29  02:28pm |
| Pages sent | : 003 |
| Status | : OK |
| Job number | : 987 |

*** SEND SUCCESSFUL ***


SEYFARTH SHAW LLP
ATTORNEYS

560 Mission Street, Suite 3100
San Francisco, California 94105
(415) 397-2823
Fax (415) 397-8549
www.seyfarth.com

## Facsimile Transmission

Date:  July 29, 2008

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| Debra F. Bogaards | PAVE & BOGAARDS | (415) 979-0480 | (415) 979-0482 |

**FROM:** Aaron Belzer
**PHONE:** (415) 544-1020
**RE:** Cain v. Allstate Life Insurance          **REPLY FAX NO.:** (415) 397-8549

| File No: | 38627-84 | Number of Pages, Including Cover: | 3 |
|---|---|---|---|

☒ Hard copy to follow          ☐ Hard copy will not follow
☐ Per your request             ☐ Please review and revise if necessary
☐ Please telephone me

**MESSAGE:**
Following please find correspondence of today's date.

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (415) 397-2823 AS SOON AS POSSIBLE.

SF1 28330351.1