IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LES CAIN, an individual,

    Plaintiff,

v.

ALLSTATE LIFE INSURANCE
COMPANY, an Illinois corporation,

    Defendant.
                                             /

No. C 08-02267 WHA

**ORDER REGARDING DEPOSITION OF ANTHONY RUTZ**

       This entire problem is one of Allstate's making. *First*, Allstate violated its discovery obligation by stonewalling on the documents used to refresh the memory of the witness. *Second*, Allstate is now refusing to produce the witness for a resumed deposition with the benefit of the documents, claiming that it has no control over the New Jersey agent. The only solution is for plaintiff to subpoena the witness for a deposition in New Jersey and to travel to New Jersey. All expenses including attorney's fees, travel time, preparation time, and deposition time, must be borne by Allstate. The subpoena should be served within twenty days and the deposition should take place within thirty days. Because of the travel involved, the deposition will not be limited to three hours but may take an entire day starting at 9:00 a.m. The deadline for filing summary judgment remains unchanged but no summary judgment motion made by Allstate will be granted if the witness' testimony would have been arguably material to the resolution of the motion. The Court notes that Allstate's counsel claims that

1  Mr. Anthony Rutz is willing to come to San Francisco for a deposition after the Labor Day
2  weekend but this cannot be trusted.  *First*, Allstate claims it does not represent Mr. Rutz and
3  cannot speak for him.  *Second*, no specific date or commitment is provided "after the Labor Day
4  weekend," which covers a long period of time.  In circumstances where Allstate was under a
5  Court order to produce Mr. Rutz, Allstate should have, if it was going to violate the order, come
6  forward with a very specific time and place at which it would guarantee Mr. Rutz's appearance
7  for a sworn testimony.  Consequently, the only alternative available is to follow the formal
8  method of a subpoena with the deposition to take place where Mr. Rutz resides, all expenses
9  and attorney's fees of plaintiff's being paid for by Allstate.

10  Plaintiff's counsel shall please advise the Court when it has served Mr. Rutz and when
11  the deposition is to be scheduled.

13  **IT IS SO ORDERED.**

15  Dated:  August 14, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE